**UNITED STATES of America**

**v.**

**James BUSH and Reva Finchum Bush.**

**Crim. No. 15896.**

United States District Court
E. D. Tennessee, N. D.

Jan. 3, 1956.

John C. Crawford, Jr., U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

H. F. Atkins, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

■ This opinion is a supplement to that delivered from the bench, wherein the facts were stated and decision on the legal question reserved.[1] Under consid-

---

1. Opinion Delivered from the Bench

As I see the case, it turns on the question of whether a person who goes to the residence of a citizen and enters the back door of the house, after knocking and no occupant appearing, and having entered the back porch, knocks on the door of the main house without occupants responding, and then called his colleague to sound the horn of his car, which was accordingly sounded by Mr. Beeler, and after sounding the horn of the car an occupant appears at the door and engages in conversation with the state officer, Mr. Bolerjack, who, for the purpose of this proceeding is considered in the same light as a federal officer—state and federal officers, it is conceded by the government, were on a joint mission, violates the constitutional rights of the occupants of the residence as guaranteed to them by the fourth amendment.

As indicated, after the sounding of the horn on the car, Mrs. Bush, one of the occupants of the house, appeared at the door where the state ·officer, Bolerjack, was located. Upon her appearance at the ·door, the two engaged in a conversation about moonshine whiskey. After she told him she had moonshine whiskey and would sell him some of the whiskey, he asked her if she had any objection to him inviting his colleague, Mr. Beeler, a federal officer, to join him in the house for a drink. She replied that she did not. Thereupon, he called Beeler, and the two entered the house, and about that time,

eration is defendants' motion "to vacate the seizure and to declare the search illegal and to suppress the testimony obtained by the government agents * * * ". In opposition to the motion, the government would justify the search on the ground that it was incident to a lawful arrest. The arrest itself would be justified on the ground that a crime was committed by Mrs. Bush in the presence of the officers.

It has been so often declared as to become a rule of thumb that a search is legal when made incident to a lawful arrest. However, examination of a few decisions discloses necessity for a more exact statement of the rule, namely, that a search is valid when made incident and *subsequent* to a lawful arrest. See, in particular, Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Catalanotte v. United States, 6 Cir., 208 F.2d 264; McKnight v. United States, 87 U.S.App.D.C. 151, 183 F.2d 977.

Controlling here is the question of when the search began. One of the witnesses testified that he and his companion went to the home of defendants for the purpose of searching the home. One of the two was a state officer, the other a federal officer. The federal officer had no search warrant. Neither had an arrest warrant. Admission to the yard and enclosed porch was without authority of the occupants. Admission to the house was obtained by misrepresentation. One sought admission by going onto the porch and knocking on the door, while the other sounded their automobile horn to attract attention when knocking failed to produce a response from within. The one who knocked obtained permission to enter by misrepresenting his business. He obtained permission to in-

or soon thereafter, Mrs. Bush presented them with a half-gallon of moonshine whiskey.

The officers told Mrs. Bush that they were officers, and placed her under arrest. At this point the other two officers, Mr. Griffin and Mr. Dickey, joined Beeler and Bolerjack in the house. A search of the house was then made, and 31 half-gallon jars of moonshine whiskey were found. The whiskey was brought into the room of the house where the officers entered, from a trap that was built in as a part of the house.

Counsel for Mr. and Mrs. Bush contends that the evidence that has been introduced at this hearing should be suppressed for the reason that it was based upon an ·alleged illegal search of the premises where the whiskey was found. He says that the search is contrary ·to or in violation of the fourth amendment to the Constitution.

The basis of his contention is that the officers by entering on the yard or a part of the property on which the residence was located, and by further entering the back porch, which was screened in, without invitation or without permission of the owners, was a violation of their constitutional rights; that the officers having first violated the defendants' constitutional rights, their activities thereafter ·could not be made legal.

It is a well established principle of law that if search of premises begins in vio-

lation of a citizen's constitutional rights, it can not thereafter be made legal, regardless of the efforts of the representatives of the government.

It is the District Attorney's contention that this was a legal search because the officers went to the home of the defendants to purchase moonshine whiskey, having reliable information that the occupants of the premises had the reputation of dealing in moonshine whiskey on the premises; that the officers went to the premises for the purpose of purchasing moonshine whiskey; that a search was not made until the officers accomplished their purpose by purchasing a half-gallon jar of moonshine whiskey.

The government says that they rightfully placed the occupant of the premises under arrest; that the officers had the legal right to make a search of the premises and that this right was incident to the arrest.

The basis of the claim against Mr. Bush is that he was the husband of Mrs. Bush and that it was his residence where the contraband property was found; that as the husband he was the head of that household as a matter of law, and that as the head of the household, it is presumed as a matter of law that he owned all of the property found on the premises, including the contraband spirits.

Now, Gentlemen, those are the substantial findings of fact. I will now hear you on the law question.

vite his companion in by further misrepresentation.

Between this situation and that which prevailed in Johnson v. United States, supra, the difference is that there the officers gained admission "under color of their police authority," whereas here they gained admission by misrepresentation. Implicit in the Johnson case is the holding that the search began when entry was made; that the search was a continuity, not broken into two searches by the intervening arrest. "Thus the Government is obliged to justify the arrest by the search and at the same time to justify the search by the arrest. This will not do." Johnson v. United States, 333 U.S. 10, 16–17, 68 S.Ct. 367, 370, 92 L.Ed. 436.

Pertinent here is the following from Catalanotte v. United States, supra, 208 F.2d at page 268: "We have noted with disapproval the growing tendency on the part of police officers to be very quick on the trigger in construing—and acting upon their construction—a statement of some known offender as an invitation to search his premises. The present case is a rather extreme example of this tendency; and the action of the officers involved herein is disapproved." Also, from McKnight v. United States, supra, 183 F.2d at page 978: "It is settled law that 'when it appears, as it does here, that the search and not the arrest was the real object of the officers in entering upon the premises, and that the arrest was a pretext for or at the most an incident of the search,' the search is not reasonable within the meaning of the Constitution."

█ It is the Court's opinion, in the light of the foregoing, that so much of the motion as relates to declaring the search illegal and suppressing the evidence obtained by it should be sustained. That part of the motion which relates to vacating the seizure, so far as it might require restoration of contraband to defendants, is overruled. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59.

Let an appropriate order be prepared.