**714**

**UNITED STATES of America**

**v.**

**Ollie HURST.**

**Crim. No. 17608.**

United States District Court
E. D. Tennessee, N. D.

June 10, 1969.

Robert E. Simpson, U. S. Atty., Knoxville, Tenn., for plaintiff.

John P. Davis, Jr., Knoxville, Tenn., for defendant.

## OPINION

ROBERT L. TAYLOR, Chief Judge.

The Grand Jury charges that on or about the 12th day of December, 1968 in this District, Ollie Hurst possessed a quantity of distilled spirits required to be stamped under the provisions of Section 5205(a) (2), Title 26 of the United States Federal Code, the immediate containers thereof not having affixed thereto stamps evidencing the determination of the tax and indicating compliance with the provisions of the Internal Revenue Laws of the United States with respect to distilled spirits.

The second count in the indictment charges the defendant with selling a quantity of distilled spirits, namely one-half gallon of whiskey which was in containers that did not have affixed thereto stamps evidencing the determination of the tax and indicating compliance with the provisions of the Internal Revenue Laws relating to distilled spirits.

Evidence has been heard by the Court relating to the two charges contained in the indictment, the defendant having waived her right to be tried by a jury. Only one witness, Mr. Childers, testified.

Mr. Childers stated in substance that he, along with an informer which he described as an unwitting informer, meaning that the informer did not know that Childers was a Government agent, went to the home of the defendant, and upon arrival at the Hurst home the informer knocked on the front door and some boy stated in substance "Come in."

Thereupon, the informer and Mr. Childers entered the front door of the house, the informer being in front, and the informer asked Mrs. Hurst, in effect, if she would sell him some whiskey.

Mr. Childers stated that he was immediately behind the informer and Mrs. Hurst could see both of them.

Immediately following the informer's request for whiskey, Mrs. Hurst went to the back end of the house, presumably the kitchen, where a man's voice was heard, and shortly returned to the place

where the informer and Mr. Childers were located with a jar of unstamped whiskey for which she received or was supposed to receive $5.00.

Counsel for the defendant has moved to suppress all of this evidence upon the ground that the Government agent violated constitutional rights of the defendant by entering her home under the foregoing circumstances.

Defendant contends that the Government agent gained entrance to her house through guile and deceit and in a surreptitious manner which amounted to fraud in fact and in law. In support of her contention, she relies upon a case from this Court styled United States v. Bush, decided January 3, 1956 and reported at 136 F.Supp. 490.

In that case the Court held that where a federal officer and state officer went to the home of defendants to search for whiskey, neither having an arrest warrant or search warrant, and the state officer went onto the back porch of defendants' house without permission and there knocked on the door but received no response, and the federal officer then sounded the horn on the automobile in which he was sitting and one of the defendants then came to the door, and after a conversation with the state officer agreed to sell him and the federal officer some whiskey and the officers then entered defendants' house and after being presented the whiskey by one of the defendants, placed her under arrest and searched her home for whiskey, the search was illegal and the evidence was suppressed.

Also the case of Fraternal Order of Eagles, No. 778, Johnsontown, Pa. v. United States, (C.A.3) March 1, 1932, 57 F.2d 93, is relied upon by defendant. In that case, the federal officers entered the accused's home through fraud, stealth, social acquaintance or business pretense as well as force and the Court held that such entry was unreasonable and violated the accused's constitutional rights, and the motion to suppress the evidence was sustained.

Along the same line is another *Bush* case that originated in this Court and decided on December 12, 1958, with supplemental opinion on April 23, 1959 which is reported in 172 F.Supp. 818.

In the second case, the Court held that where Government agent entered the defendants' premises in violation of their rights when he drove his car about 40 feet in their driveway and misrepresented to them his residence and occupation in his conversation about the purchase of whiskey and through such subterfuge was able to get into the kitchen of the defendants and obtain evidence of violation of the revenue laws, the defendants' constitutional rights were violated and a search warrant that issued under those circumstances was invalid. The motion to suppress the evidence was sustained.

But, the decision of the lower court was appealed to the Sixth Circuit where it was reversed, and that Court held that the Government agent had not gained access through stealth, guile or deceit, and evidence obtained in search later conducted with a warrant obtained by agent on the basis of what he had seen was admissible. (United States v. Bush, 283 F.2d 51.)

If this Court's decision in the second *Bush* case had been upheld the argument of defendant's counsel in the present case would have much more strength. In the second *Bush* case, the Government agent misrepresented his residence and employment. As this Court recalls, the agent said to defendants in that case "I work at some well known plant here in Knoxville" which was not true, and also stated to the defendants that he lived at a certain place, which was not true, and it was under those circumstances that the Government agent gained access to the defendants' home.

In the present case, the Court is unable to find any misrepresentation to the defendant either by the informer or by the Government agent. True, Mrs. Hurst may have not known that the Government agent was in her home at the time she walked back to her kitchen

to get the whiskey or when she returned and delivered the whiskey to the informer. Mr. Childers stated that he was there and she could have seen him.

Under these circumstances, the Court is of the opinion that at the time the informer and Government agent were in her home by invitation and that they did not gain entry through misrepresentation, deceit, subterfuge or fraud. The Court, is, therefore, constrained to overrule the motion to suppress.